# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

CLINTON RICE,              )
                                    )
          **Plaintiff,**     )
     **v.**                   )     **Case No. CIV-15-203-JHP-SPS**
                                      )
CAROLYN W. COLVIN,     )
**Acting Commissioner of the Social**  )
**Security Administration,**     )
                                      )
          **Defendant.**    )

## REPORT AND RECOMMENDATION

The claimant Clinton Rice requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying his application for benefits under the Social Security Act. He appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the decision of the Commissioner should be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: 1) whether the decision was supported by substantial evidence, and 2) whether the correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term "substantial evidence" requires "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). However, the Court may not reweigh the evidence nor substitute its discretion for that of the agency. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born on August 20, 1950, and was sixty-three years old at the time of the administrative hearing (Tr. 48). He completed one year of college, and has worked as a diesel mechanic (Tr. 60, 170). The claimant alleges he has been unable to work since December 31, 2003, due to bipolar disorder, arthritis, high blood pressure, heart problems, a blockage in his artery on the left side of his neck, and psoriasis (Tr. 169).

### Procedural History

On June 13, 2012, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. His application was denied. ALJ Doug Gabbard, II, held an administrative hearing and determined the claimant was not disabled from December 31, 2003 through December 31, 2008 (the date last insured), in a written decision dated June 17, 2014 (Tr. 32-40). The Appeals Council denied review, so the ALJ's written decision represents the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. § 404.981.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the residual functional capacity (RFC) to perform a full range of work at all exertional levels, but that he had the nonexertional limitations of: (i) able to perform the full range of unskilled work that needs little or no judgment to do simple

duties that can be learned on the job in a short period of time but must only occasionally be required to understand, remember, and complete detailed instructions; (ii) supervision must be simple, direct, concrete, and non-threatening; (iii) interpersonal contact with supervisors and co-workers must be incidental to the work performed (*e. g.*, assembly work) and no contact with the public; and (iv) he must not be required to work at production line speeds (Tr. 37). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform, *i. e.*, laundry worker and industrial sweeper (Tr. 39-40).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly assess his credibility, (ii) by failing to properly include limitations in his RFC, and (iii) by failing to fully develop the record. The undersigned Magistrate Judge agrees with the claimant's first contention.

The ALJ determined that the claimant had the severe impairments of affective disorders, anxiety disorder, and substance abuse addiction disorder, and further noted that the impairments of arthritis, high blood pressure, heart problems, a blocked artery in the left side of his neck, acid reflux, skin disorders, and cirrhosis of the liver were either nonsevere or not medically determinable impairments (Tr. 34). The medical evidence in the record is exclusively from the VA, and reflects treatment notes for these various ailments, including a 2004 inpatient treatment for alcohol dependence following a hospitalization for alcohol abuse.

At the administrative hearing, the claimant testified that he had stopped working because of his nerves being bad and his body being worn out (Tr. 51). He testified that no one told him he needed back surgery, but that it was deteriorated "pretty badly," and that he has nerve damage in his hands from using impact wrenches over the years (Tr. 51-52). He testified that he has bipolar disorder that was diagnosed in 1970 and for which he was on medications, and that his current medication – which he had been on since 2004 – was working pretty well (Tr. 53-54). He also said that he sometimes had problems with supervisors, back when he was working (Tr. 63).

In his written opinion, the ALJ's sole reference to the claimant's credibility is as follows: "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause only some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not fully credible for the reasons explained in this decision" (Tr. 38).

A credibility determination is entitled to deference unless there is some indication that the ALJ misread the medical evidence as a whole. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991). In assessing a claimant's complaints of pain, an ALJ may disregard a claimant's subjective complaints if unsupported by any clinical findings. *See Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987). But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [quotation omitted]. A credibility analysis "must contain

'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'" *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4 (July 2, 1996). The Court finds that the ALJ's evaluation of the claimant's credibility fell below these standards. Although boilerplate language is disfavored, it "is problematic only when it appears in the absence of a more thorough analysis.'" *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1170 (10th Cir. 2012), *quoting Hardman v. Barnhart*, 362 F.3d 676, 678-679 (10th Cir. 2004). *See also Bjornson v. Astrue*, 671 F.3d 640, 645-646 (7th Cir. 2012) ("[T]he passage implies that ability to work is determined first and is then used to determine the claimant's credibility. That gets things backwards. The [ALJ] based his conclusion that Bjornson can do sedentary work on his determination that she was exaggerating the severity of her headaches. Doubts about credibility were thus critical to his assessment of ability to work, yet the boilerplate implies that the determination of credibility is deferred until ability to work is assessed without regard to credibility, even though it often can't be."). The undersigned Magistrate Judge finds that the ALJ's boilerplate evaluation of the claimant's credibility fell below these standards. *See, e. g., Sontag v. Astrue*, 2012 WL 3427416, at *7 (N.D. Okla. Aug. 15, 2012) ("Here, there was no more thorough analysis that followed the ALJ's use of boilerplate language, and the lack of that analysis requires reversal. While there may have been sufficient reasons with supporting evidence that could justify an adverse credibility determination, the undersigned finds that the Court cannot make that determination without impermissibly substituting its judgment for that of the ALJ."), *citing Hardman*, 362 F.3d at 678-681, *and Peeper v. Astrue*, 418 Fed.

Appx. 760, 766 (10th Cir. 2011), *citing Allen v. Barnhart*, 357 F.3d 1140, 1142, 1145 (10th Cir. 2004). Because the ALJ wholly failed to explain his boilerplate conclusion with affirmative links to the record, his analysis of the claimant's credibility was defective, and the case should therefore be reversed for a proper analysis.

On remand, the ALJ should properly evaluate the evidence, then re-assess the claimant's credibility. If the ALJ's subsequent credibility analysis results in any changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 31st day of August, 2016.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**